IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| David C. Lettieri, | CASE NO. 4:24 CV 1243 |
| Petitioner, | JUDGE DONALD C. NUGENT |
| v. | |
| Douglas Fender, | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | |

*Pro se* Plaintiff David C. Lettieri, a federal prisoner, has filed a Petition in this case for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. No. 1.) In his Petition, he challenges prison conditions, including "not being provided" adequate legal materials. (*Id*. at 2, ¶ 5.)

Federal district courts must conduct an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A court must deny a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254 (applicable to petitions under § 2241 pursuant to Rule 1(b)). *See also Allen v. Perini*, 26 Ohio Misc. 149, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has a duty to "screen out" habeas corpus petitions that lack of merit on their face).

The Court finds that the Petition must be dismissed. Federal prisoners may use 28 U.S.C. § 2241 to challenge the manner in which their sentence is being executed, such as the computation of their sentence credits or parole eligibility. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)); *Wright v. United States Bd. of Parole*, 557 F.2d 74, 77 (6th Cir. 1977). But § 2241 "is reserved for challenges to the execution

of a sentence . . . and may not be used to challenge the validity of a conviction or the conditions of confinement." *Velasco v. Lamanna*, 16 F. App'x 311, 314 (6th Cir. 2001) ("a § 2241 habeas petition is not the appropriate vehicle for challenging the conditions of [a prisoner's] confinement"). Prisoners challenging the conditions of their confinement must do so through a civil rights action. *Preiser v. Rodriguez*, 411 U.S. 475, 487-88 (1973).

Accordingly, here, because Petitioner challenges the conditions of his confinement, he is not entitled to any relief by way of § 2241. If Petitioner wishes to challenge conditions of his confinement, he must do so through a civil rights action. And to file such an action in this district, he is now required to pay the full $405 filing fee. *See Lettieri v. Garver*, No. 4:24 CV 1219 (N.D. Ohio July 26, 2024) (finding Plaintiff's abusive litigation history constitutes an abuse of the privilege of proceeding *in forma pauperis* and prohibiting Plaintiff from filing any new actions in this district unless he pays the full filing fee).

### Conclusion

For the foregoing reasons, the Petition in this matter is DENIED and this action is DISMISSED pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Habeas Corpus Cases. The Court further certifies that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: July 31, 2024